United States District Court
Southern District of Texas
**ENTERED**

December 16, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KENNETH SOWELL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-18-4499 |
| | § |
| MARK A. BARBER, *et al*., | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

Kenneth Sowell is an inmate in the Texas Department of Criminal Justice.  He filed a complaint, an amended complaint, and a supplemental amended complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment and the Americans with Disabilities Act.

The defendants filed two motions to dismiss, one by defendant Niya W. Collins, (Docket Entry No. 56), and one by the other defendants, (Docket Entry No. 106).   Sowell filed responses and supplemental responses to the motions.   Based on the motions, the responses, the record, and the applicable law, the defendants' motions are granted as set out below.

**I.      Background**

The underlying facts are not in dispute.   Between July and November 2018, Sowell submitted multiple requests for medical treatment and accommodations, such as a bottom bunk, first floor housing assignment, and crutches, for knee and neck injuries.   He alleges that the defendants failed to provide constitutionally adequate treatment and accommodation resulting in several falls and additional injury and pain.

## II.   Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true.   *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III.   Analysis

Sowell contends that the defendants' alleged actions and omissions violated his rights under the Eighth Amendment and the Americans with Disabilities Act.   He seeks damages from the defendants in their individual capacities.

### A.   Eighth Amendment

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration."   *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).   An Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose."   *Id.*   To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs.   *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."   *Farmer*, 511 U.S. at 835.   Rather, deliberate indifference requires that

the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk.   *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### 1.    Nurse Niya W. Collins

Defendant Niya W. Collins is a nurse.   Sowell alleges that, on November 7, 2018, Collins denied him medical treatment when he complained to her of severe pain and complained that his medications were not working.   Amended Complaint, (Docket Entry No. 12), at 5.   He acknowledges that Collins informed him that she had spoken to a Doctor, who told her that they would have to wait until Sowell had an MRI.   *Id.*

Sowell's own recitation of facts shows that Collins was not deliberately indifferent to Sowell's medical needs.   On the contrary, she consulted a Medical Doctor about Sowell's complaints, and conveyed the Doctor's instructions to Sowell.   She did not refuse to treat him or ignore his complaints, but conveyed his complaints to a Medical Doctor and followed the Doctor's instructions.   Sowell fails to state an Eighth Amendment claim against defendant Collins.

### 2.    Dr. Tawn A. Kent

Dr. Tawn A. Kent responded to Sowell's complaint by prescribing a three-day cell pass, which allowed Sowell to remain in his cell except for meals, access to bathrooms and the law library, and to obtain medication.   Docket Entry No. 12, Exh. 1.   Sowell complains that Dr.

3

Kent was deliberately indifferent because she did not prescribe crutches or require that Sowell be assigned to a bottom bunk.   *Id.* at 2.

The documents attached to Sowell's amended complaint show that Dr. Kent addressed Sowell's complaints by prescribing the cell restriction.   "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."   *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004).

While Sowell disagrees with Dr. Kent's response, his allegations show that she did not ignore his complaints, refuse to treat him, or otherwise evince a wanton disregard for his medical needs.   Sowell's disagreement with the treatment provided does not plead facts rising to the level of an Eighth Amendment violation.   "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."   *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (internal quotation marks and citations omitted).

### 3.      Dr. Mark A. Barber

Sowell alleges that Dr. Mark A. Barber was deliberately indifferent to his serious medical needs by failing to prescribe crutches and remove him from his top bunk assignment.   Docket Entry No. 12, at 3.   Documents attached to Sowell's original complaint show that Dr. Barber evaluated Sowell through a tele-med visit and prescribed a seven-day cell pass.   Docket Entry No. 1, at Exh. G.   Like Dr. Kent, Dr. Barber evaluated Sowell and addressed his complaints. Sowell's disagreement with the treatment provided does not state an Eighth Amendment violation.

4

### 4.      Dr. Betty J. Williams

Sowell claims that he injured his neck and knee in a fall from his bunk and that Dr. Betty J. Williams violated his Eighth Amendment rights by failing to treat his injury.   In a sick call request attached to his complaint, Sowell requested assignment to a bottom bunk and a first-floor cell, crutches, and assignment to the D-1 transient wing because he had difficulty walking to chow and showers.   Docket Entry No. 1, Exh. J.   In his amended complaint, Sowell acknowledges that Dr. Williams prescribed him crutches, had him assigned to a bottom bunk and the first floor, ordered him disability showers and chow, and ordered an MRI for his knee. Docket Entry No. 12, at 4.   Sowell's pleadings demonstrate that Dr. Williams treated his injuries and was not deliberately indifferent to his medical needs.

### 5.      Dr. Raymond Saucedo

Sowell contends that Dr. Raymond Saucedo exhibited deliberate indifference to his serious medical needs when he discontinued Sowell's pain medication and replaced it with non-aspirin, which Sowell claims did not relieve his pain, and failed to renew Sowell's bottom bunk restriction.   A handwritten note from Dr. Saucedo on a sick call request attached to Sowell's complaint shows that Dr. Saucedo renewed Sowell's prescription for the pain medication Meloxicam.   Docket Entry No. 1-2, at 41.   The note states that Dr. Saucedo prescribed the maximum dose.   Sowell acknowledges that Dr. Saucedo also renewed Sowell's prescription for crutches, and Sowell's passes for disability chow and showers, but complains that he failed to renew Sowell's bottom bunk restriction.   Docket Entry No. 12, at 5.

Both the documents attached to Sowell's complaint and Sowell's allegations show that Dr. Saucedo did not exhibit deliberate indifference to Sowell's medical needs, but prescribed pain medication and crutches, and authorized other accommodations.   Sowell's complaint that

Dr. Saucedo did not renew the bottom bunk restriction at most alleges that Dr. Saucedo was negligent.   "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference . . ."   *Rogers*, 709 F.3d at 410.

### 6.   Chancy Sessions

Defendant Chancy Sessions is a Nurse.   Sowell alleges that Nurse Sessions acted with deliberate indifference when she denied him crutches and only prescribed non-aspirin to treat his pain.   Sowell has attached a grievance that he filed concerning this alleged lack of care.   The response shows that Nurse Sessions ordered x-rays on Sowell's knee and neck and prescribed acetaminophen.   Docket Entry No. 1-1, at 10.

Sowell's complaint shows that Nurse Sessions responded to Sowell's complaint by ordering diagnostic procedures and providing pain medication.   Sowell's disagreement with this treatment does not state an Eighth Amendment claim.

### 7.   Desire Ivey

Desire Ivey is a Nurse.   Sowell contends that she violated his Eighth Amendment rights when she failed to issue him crutches and failed to order him removed from his top bunk.   Ivey cites medical records attached to a *Martinez* report showing that she consulted with a Nurse Practitioner who advised that Sowell could return to his cell and continue on Ibuprofen while they awaited the results of x-rays that were previously ordered.   *See* Docket Entry No. 15-1 at Bates Number 75.   This document establishes that Nurse Ivey did not ignore or refuse to treat Sowell, but exercised clinical judgment in relying on the Nurse Practitioner's recommendation to treat Sowell's symptoms while waiting for the x-ray results.

The document establishing this is not in the pleadings, but is part of a report submitted by the defendants.   It cannot be considered on a motion to dismiss.

The Federal Rules of Civil Procedure allow a court to convert a motion to dismiss into a motion for summary judgment and to grant summary judgment after giving notice and adequate time to respond.   Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c).   In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).   Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Sowell is on notice that the court intends to treat defendant Ivey's motion to dismiss his Eighth Amendment claim against her as a motion for summary judgment.   The evidence presented by Ivey establishes that she was not deliberately indifferent to Sowell's medical needs. Unless Sowell presents evidence demonstrating that there is a genuine issue of material fact with regard to his Eighth Amendment claim against Nurse Ivey, the court will enter summary judgment for Ivey on Sowell's Eighth Amendment claim.

### 8.      Patricia L. Burnett

Patricia L. Burnett is a Nurse.   Sowell contends that she violated his Eighth Amendment rights by failing to issue him crutches and failing to assign him to a lower bunk.

A handwritten notation on Sowell's sick call request states that he was already scheduled to see a provider when Burnett saw him.   Docket Entry No. 1-2, at 14.   Sowell's medical records show that Burnett consulted with a Nurse Practitioner who advised Burnett to conduct

neuro checks on Sowell every 15 minutes for an hour, release him if the checks were normal, and have him see the provider the following morning as scheduled.   Docket Entry No. 15-1, at Bates Number 70.   The medical records establish that Burnett did not ignore or refuse to treat Sowell, but evaluated his symptoms and consulted with another medical professional.   She was not deliberately indifferent.

Because these medical records are outside the pleadings, Burnett's motion to dismiss is treated as a motion for summary judgment.   If Sowell does not present evidence demonstrating that there is a genuine issue of material fact concerning his Eighth Amendment claim against Burnett, the court will enter summary judgment for Burnett.

### 9.    Carla W. Bayliff

Sowell alleges that Nurse Carla W. Bayliff violated his Eighth Amendment rights by telling him that she would kick him out of the infirmary if he kept complaining and would send him back to his cell without being examined.   Grievance records show that, on the date of this alleged incident, Sowell was seen by medical staff and cleared with no injuries.   Docket Entry No. 15-2, at Bates Number 26.   This document shows that there was no serious medical need to which Nurse Bayliff could have been deliberately indifferent.

Because Nurse Bayliff's argument relies on documents outside the pleadings, her motion to dismiss is treated as a motion for summary judgment.   If Sowell does not present evidence demonstrating that there is a genuine issue of material fact concerning his Eighth Amendment claim against Bayliff, the court will enter summary judgment for Bayliff.

### 10.    Robert Gundek

Sowell contends that Nurse Robert Gundek exhibited deliberate indifference to his serious medical needs when Gundek told Sowell that there was nothing wrong with his neck,

grabbed Sowell by the shirt while placing him on the floor, and forcing Sowell to walk down stairs on crutches despite knowing that Sowell had recently fallen.   Grievance records show that Sowell was hostile toward medical staff.   After being given crutches, Sowell responded that "this was b.s." and threw the crutches on the ground.   He left the infirmary walking under his own power and without further complaint.   Docket Entry No. 15-2, at Bates Number 28.

Because these grievance records are outside the pleadings, Gundek's motion to dismiss is treated as a motion for summary judgment.   If Sowell does not present evidence demonstrating that there is a genuine issue of material fact concerning his Eighth Amendment claim against Gundek, the court will enter summary judgment for Gundek.

### B.   Americans With Disabilities Act

Sowell also seeks damages under the Americans With Disabilities Act.   The ADA provides that

> [s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132.

Assuming that Sowell's alleged injuries qualify as a disability under the ADA, he fails to identify any service, program, or activity from which he was excluded by reason of his disability. In addition, the ADA bars such discrimination by a public entity; it does not apply to individual actors.

> The Act defines "'public entity'" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," § 12131(1).   We have previously held that this term includes state prisons.   See *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).   Title II authorizes suits by private citizens for money damages against public entities that violate § 12132.

9

See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

*United States v. Georgia*, 546 U.S. 151, 154 (2006).   Sowell has sued numerous individuals, but has not named a public entity as a defendant in this case.   None of the defendants are amenable to suit under the ADA, and Sowell's claims under the ADA must be dismissed.

## IV.   Conclusion and Order

Defendant Niya W. Collins's motion to dismiss, (Docket Entry No. 56), is granted, and all claims against defendant Collins are dismissed with prejudice.   The motion to dismiss by the other defendants, (Docket Entry No. 106), is granted in part.   Sowell's ADA claims are dismissed with prejudice as to all defendants, and his Eighth Amendment claims against all defendants except Desire Ivey, Patricia Burnett, Carla Bayliff, and Robert Gundek are dismissed with prejudice.   The Eighth Amendment claims against Ivey, Burnett, Bayliff, and Gundek will be dismissed with prejudice unless Sowell presents evidence demonstrating the existence of a genuine issue of material fact by **January 18, 2022**.

SIGNED on December 16, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge