United States District Court
Southern District of Texas
**ENTERED**
March 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH SOWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-4499 |
| § | |
| MARK A. BARBER, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Kenneth Sowell is an inmate in the Texas Department of Criminal Justice. He filed a complaint, an amended complaint, and a supplemental amended complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment and the Americans with Disabilities Act.

The defendants filed two motions to dismiss, one by defendant Niya W. Collins, (Docket Entry No. 56), and one by the other defendants, (Docket Entry No. 106). On December 16, 2021, this court granted Collins's motion to dismiss, and granted the other defendants' motion to dismiss in part. Because defendants Desire Ivey, Patricia Burnett, Carla Bayliff, and Robert Gundek relied on materials outside the pleadings in support of their motion to dismiss Sowell's Eighth Amendment claims against them, the court converted those portions of their motion into a motion for summary judgment and gave Sowell time to respond. Sowell filed additional material in response, and a cross-motion for summary judgment. Based on the motions, the responses, the record, and the applicable law, the defendants' motion is granted, Sowell's motion is denied, and this case is dismissed with prejudice.

**I.      Background**

The underlying facts are not in dispute. Between July and November 2018, Sowell submitted multiple requests for medical treatment and accommodations, such as a bottom bunk, first floor housing assignment, and crutches, for knee and neck injuries. He alleges that the defendants failed to provide constitutionally adequate treatment and accommodation resulting in several falls and additional injury and pain.

**II.     Standard of Review**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the burden of proving that a material fact is not in dispute and must support factual assertions by citations to specific portions of the record. *Id.*

**III.    Analysis**

Sowell contends that the defendants' alleged actions and omissions violated his rights under the Eighth Amendment. The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). An Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather,

deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk.  *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### A. Patricia L. Burnett

Patricia L. Burnett is a Nurse.  Sowell contends that she violated his Eighth Amendment rights by failing to issue him crutches and failing to assign him to a lower bunk.

A handwritten notation on Sowell's sick call request states that he was already scheduled to see a provider when Burnett saw him.  Docket Entry No. 1-2, at 14.  Sowell's medical records show that Burnett consulted with a Nurse Practitioner who advised Burnett to conduct neuro checks on Sowell every 15 minutes for an hour, release him if the checks were normal, and have him see the provider the following morning as scheduled.  Docket Entry No. 15-1, at Bates Number 70.  Sowell presents affidavits in which he disputes the extent of his injuries, but he presents no evidence raising a dispute over Burnett's consultation with another provider, her checks on his well-being, or the fact that he was scheduled for another visit the following day. The record establishes that Burnett did not ignore or refuse to treat Sowell, but evaluated his symptoms, consulted with another medical professional, and ensured that he was in no immediate danger.  Sowell's complaint is not that Burnett failed to treat him to the best of her professional judgment, but that she did not provide the treatment that he wanted.  This does not demonstrate deliberate indifference.

3

### B. Carla W. Bayliff

Sowell alleges that Nurse Carla W. Bayliff violated his Eighth Amendment rights by telling him that she would kick him out of the infirmary if he kept complaining and would send him back to his cell without being examined. Grievance records show that, on the date of this alleged incident, Sowell was seen by medical staff and cleared with no injuries. Docket Entry No. 15-2, at Bates Number 26. This document shows that there was no serious medical need to which Nurse Bayliff could have been deliberately indifferent. In addition, mere comments do not amount to deliberate indifference especially when, as here, the alleged threats were not carried out.

### C. Robert Gundek

Sowell contends that Nurse Robert Gundek exhibited deliberate indifference to his serious medical needs when Gundek told Sowell that there was nothing wrong with his neck, grabbed Sowell by the shirt while placing him on the floor, and forced Sowell to walk down stairs on crutches despite knowing that Sowell had recently fallen. Grievance records show that Sowell was hostile toward medical staff. After being given crutches, Sowell responded that "this was b.s." and threw the crutches on the ground. He left the infirmary walking under his own power and without further complaint. Docket Entry No. 15-2, at Bates Number 28.

Sowell's summary judgment evidence does not change these facts. While Sowell may have evidence that he was misdiagnosed or under-diagnosed, he raises no issue concerning the facts that he was evaluated and treated. Viewing the evidence in the light most favorable to Sowell, he may be able to show that the defendants were negligent in their diagnosis or treatment, but negligence does not rise to the level of a constitutional violation.

### D.     Desire Ivey

Desire Ivey is a Nurse.   Sowell contends that she violated his Eighth Amendment rights when she failed to issue him crutches and failed to order him removed from his top bunk.   Ivey cites medical records attached to a *Martinez* report showing that she consulted with a Nurse Practitioner who advised that Sowell could return to his cell and continue on Ibuprofen while they awaited the results of x-rays that were previously ordered.   *See* Docket Entry No. 15-1 at Bates Number 75.   This document establishes that Nurse Ivey did not ignore or refuse to treat Sowell, but exercised clinical judgment in relying on the Nurse Practitioner's recommendation to treat Sowell's symptoms while waiting for the x-ray results.

### IV.    Conclusion and Order

The defendants' motion for summary judgment, (Docket Entry No. 106), is granted, Sowell's motion for summary judgment, (Docket Entry No. 128), is denied, and this case is dismissed with prejudice.

SIGNED on March 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge